```
 1              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
 2                     EASTERN DIVISION

 3                                   )
    UNITED STATES OF AMERICA,         )  Case No. 17 CR 281
 4                                   )
                  Plaintiff,          )
 5                                   )
           vs.                        )  Chicago, Illinois
 6                                   )  May 10, 2018
    CARLOS R. MEZA,                   )  10:03 a.m.
 7                                   )
                  Defendant.          )
 8
              TRANSCRIPT OF PROCEEDINGS - Status
 9          BEFORE THE HONORABLE ELAINE E. BUCKLO

10
    APPEARANCES:
11
    For the Plaintiff:      MR. JOHN R. LAUSCH, JR.
12                          United States Attorney
                            BY:  MR. BRIAN R. HAVEY
13                          Assistant United States Attorney
                            219 South Dearborn Street
14                          5th Floor
                            Chicago, Illinois  60604
15
    For the Defendant:      MR. JOSHUA B. KUTNICK
16                          900 West Jackson Boulevard #5
                            Chicago, Illinois  60607
17

18

19

20

21  Court Reporter:         SANDRA M. MULLIN, CSR, RMR, FCRR
                            Official Court Reporter
22                          219 S. Dearborn Street, Room 2260
                            Chicago, Illinois  60604
23                          (312) 554-8244
                            sandra_mullin@ilnd.uscourts.gov
24

25
```

1        (Proceedings heard in open court:)
2            THE CLERK:  Calling 17 CR 281, USA versus Carlos
3   Meza.
4            MR. HAVEY:  Good morning, Judge.  Brian Havey on
5   behalf of the United States.
6            THE COURT: Good morning.
7            MR. KUTNICK:  Good morning, your Honor.  Joshua
8   Kutnick on behalf of Carlos Meza, who is present here in
9   court.
10           THE COURT: Good morning.
11           THE DEFENDANT:  Good morning.
12           THE COURT:  All right.  Are we going to trial?
13           MR. HAVEY:  Yes.
14           THE COURT:  All right.  Then we need a date for a
15  pretrial conference.  The 16th?  Would that be all right?
16           MR. HAVEY:  I'm sorry, Judge?  I didn't hear you.
17           THE COURT:  July 16th for a pretrial conference?
18           MR. HAVEY:  Yes, that works for the government,
19  Judge.
20           MR. KUTNICK: That's fine, your Honor.
21           THE COURT:  All right.  I -- just in case any issue
22  comes up, I'd rather not have it, you know, the day before
23  it.
24           MR. KUTNICK: No, no, I understand.
25           THE COURT:  Okay.  We'll say, I don't know,

1   1:00 o'clock?
2              MR. KUTNICK:  That's fine.
3              THE COURT:  Do you want to make it later?
4              MR. KUTNICK:  No, 1:00 o'clock is fine.
5              THE COURT:  Okay.  All I need is -- well, if
6   anybody is filing any motions, I would really appreciate them
7   by the beginning of July.  And, otherwise, I just need
8   proposed jury instructions and proposed voir dire.
9              All right.  Well --
10             MR. HAVEY:  You want all that by July 2nd?
11             THE COURT:  Well, I don't care.  The proposed voir
12  dire and the proposed jury instructions, frankly, if you just
13  get it to me by the 12th, that's fine.  But if you've got any
14  motions where somebody might be wanting to respond, or -- I
15  would like those by -- I don't know, there is a holiday in
16  there, but if you could get them by July 3rd?
17             MR. KUTNICK:  Motions in limine?
18             THE COURT:  Yes.
19             MR. KUTNICK: Okay.
20             THE COURT:  If you've got any of those.  And then,
21  I mean, if anybody does file any, I guess I would like a
22  response a week later.  Okay.
23             MR. KUTNICK: Your Honor, I had filed yesterday, I
24  know it was late, I really intended to get them on file
25  earlier, but I did discuss them previously with the

1    government, two brief motions.  I don't know if the court had
2    a chance to take a look at them?
3             THE COURT:  I haven't looked at them, no.  I didn't
4    re-look at things this morning.
5             Let's see.  A forensic accountant?  Oh, dear.  Do
6    you have one?
7             MR. KUTNICK: We have a couple in mind that we would
8    like to make a decision on that we would use.  But, of
9    course, as an appointed attorney, Mr. Meza does not have the
10   funds for that type of an accountant.
11            THE COURT:  Has the government looked at these two
12   motions?
13            MR. HAVEY:  Yes, Judge.  I don't have a position.
14   He is requesting CJA funds.
15            THE COURT:  Okay.  I have two questions about the
16   accountant.  I want to make sure it's not going to delay
17   trial.
18            MR. KUTNICK: I'm really trying not to, your Honor.
19            THE COURT:  Because you've had plenty of time to do
20   this.
21            MR. KUTNICK: Your Honor, the discovery in this case
22   is voluminous.  I've been going through it, Mr. Meza has been
23   going through it.  Mr. Meza has indicated to me his desire to
24   potentially have an additional attorney help us because of
25   the volume of what we're going through and because of the

1  complexity of what we're talking about.  Not only regarding
2  the government's case, but also regarding our case, your
3  Honor, a forensic accountant would be useful to us in order
4  to help us articulate our argument.
5              THE COURT:  One, I can't just appoint an accountant
6  without any expert -- without an estimate of cost.
7              MR. KUTNICK: Understood.
8              THE COURT:  Have you filled out the form?
9              MR. KUTNICK: Through the CJA?
10             THE COURT:  I think there is a form, yes.
11             MR. KUTNICK: Yes, I'm aware of that.  I didn't know
12 whether or not I would have to get the court to order that
13 before I request it through CJA.
14             THE COURT:  Well, filing a motion is appropriate,
15 but I do need to know the proposed cost.  I mean, what if you
16 tell me it's going to be $100,000?
17             MR. KUTNICK: Okay.  I understand, your Honor.
18 Well, what I could do is procure the CVs of the accountants
19 that we are considering and their fee schedules.  And then
20 also --
21             THE COURT:  Well, I think -- I'm not sure, but I
22 think that I actually need to -- I think you need to say,
23 okay, they probably need to tell you, whoever it would be,
24 you know, it won't be more than this amount, and then I could
25 consider it.  So I guess you better do that quickly.

1    I'm sorry, you know, sometimes in the morning I go
2    back and see if anybody has filed something, and I didn't do
3    it this morning because I would have liked to have given it
4    some -- gone back through the case and given it some thought.
5    I don't think I know very much about this case.
6        MR. KUTNICK: Your Honor, I apologize. I actually
7    intend -- I was going to drop you off a courtesy copy last
8    night, but then I looked at your website, and it said that
9    those were not necessary. And I'm sorry you didn't see it
10   earlier.
11       THE COURT: Tell me briefly, even if you're
12   repeating yourself, what does this case involve?
13       MR. HAVEY: It's a relatively small investment
14   fraud case. When I say "relatively small," the loss
15   applicable to this defendant is roughly $200,000.
16       So there is two main victims. We may call one or
17   two other smaller victims and maybe have one or two
18   additional witnesses. I expect less than ten witnesses,
19   Judge. And our case will probably be about three days total.
20       THE COURT: Yeah, I thought this was a short --
21   supposed to be a short trial. How many documents are we
22   talking about?
23       MR. HAVEY: Maybe 50 exhibits. And I'm just
24   estimating. We have -- we have -- all the voluminous records
25   he is referring to, we've prepared detailed summaries of all

1  the bank records, which we've tendered, including
2  spreadsheets and visual depictions of where all the money
3  went. So we've already pretty much scheduled all of that
4  out, which we're going to present in the form of summaries as
5  opposed to raw bank records, Judge.
6          THE COURT: When did you get them, all of these
7  records? I know this case, the first status before me was a
8  year ago.
9          MR. HAVEY: Well, with regard to bank records, we
10 have produced some records to his prior counsel six months
11 before we even indicted the case, and we presented him with
12 our summaries at that time as well.
13         Then after the case was indicted, we produced all
14 the discovery to his first attorney within -- I can't
15 remember the date. It was probably May of last year. And
16 then when Mr. Kutnick was appointed in, I think it was
17 October, we reproduced everything again. I, again, believe
18 it was within two weeks of the appointment. So it would have
19 been last fall.
20         THE COURT: I think you're going to have to tell me
21 what it is that you suddenly -- I say suddenly, but at least,
22 I mean -- that's not a good word. Rather, I don't, in
23 theory, have any objection to having an accountant. It's
24 essentially two months before trial, though, on something
25 that's been going on a very long time.

1    MR. KUTNICK: Your Honor, if you recall, I was
2 reluctant to set a trial date because I -- based on my
3 schedule and based on the amount of records and based on --
4 also, it's not only the government's prosecution, it's the
5 defense that Mr. Meza is putting forward that we need to use
6 records.
7    THE COURT: What is the defense?
8    MR. KUTNICK: Well, it's that he did not steal the
9 money, that he was in for other reasons entitled to funds
10 that were not passed on to the Renaissance investors.
11    The allegation here, your Honor, is that Mr. Meza
12 took funds from the victims purportedly to be invested in an
13 investment firm known as Renaissance. Renaissance turned out
14 to be a tremendous fraudster and criminal and took far, far
15 greater amounts of money from many, many more people than
16 Mr. Meza is even alleged to have taken. The allegation,
17 then, is that Mr. Meza retained some of the funds prior to
18 moving them over to Renaissance. And his explanation as to
19 why he retained those funds would be his defense, your Honor.
20    And there are significant documents that he is
21 requesting that I subpoena in order to help prove up that
22 defense. I have not yet been through the entire list. It's
23 an exhaustive list of things that he wants subpoenaed, and I
24 am determining the relevance of those documents and whether
25 or not it's appropriate to subpoena those prior to issuing

1  them.

2  THE COURT: Okay. You've been on this case since
3  October. Now, you just said something, and I set this trial
4  date way back in January. I don't remember what you -- you
5  said you were reluctant to set a trial date. I can
6  understand why I would have decided that we needed to set a
7  trial date, although it was months and months after that by
8  that point in time. What did you tell me that would have
9  made this so exceptional that you thought you might have
10 difficulty with this?

11 MR. KUTNICK: I'm sorry, Judge? What did I --

12 THE COURT: You're saying that in January you told
13 me that you were reluctant to set a trial date because of
14 your schedule and the volume of documents.

15 MR. KUTNICK: Yes.

16 THE COURT: What is it that has interfered with
17 getting everything done between then and now?

18 MR. KUTNICK: I mean, Judge, I know all lawyers are
19 busy, so I don't want to just play that card, but certainly
20 I'm a solo practitioner. I've had jury trials. I have
21 appeals. I've had, you know, significant motion practice.
22 I've got many other federal and state cases as well. I mean,
23 I don't -- I don't play that as an excuse, your Honor. I
24 just think that this case in particular is not simple and is
25 not straightforward as the government says.

```
1         THE COURT:  Okay.  It has been indicted for over a
2  year.  There is a limit to how long something should go.  You
3  get me a proposal this week on your accountant on cost and
4  how long they would take it, and then, you know, I'll rule on
5  it.  As far as an extra attorney, we don't -- I don't think
6  we usually do that.
7         MR. KUTNICK:  It's -- you need this by tomorrow,
8  your Honor?
9         THE COURT:  Huh?
10         MR. KUTNICK:  By tomorrow you want the accountant's
11  information?
12         THE COURT:  Oh, did I say this week?
13         MR. KUTNICK:  Yes.
14         THE COURT:  This is Thursday.  I'm sorry, I've been
15  out of town.  Next Wednesday.
16         MR. KUTNICK:  Okay.
17         THE COURT:  By next Wednesday.  I mean, I assume
18  you've been talking to these people, and that this isn't --
19  we --
20         MR. KUTNICK:  We haven't -- well, I haven't
21  interviewed them, but we have several names of people we
22  would like to talk to about this.  And then they're going to
23  require hours of going through the --
24         THE COURT:  They haven't been through this?
25         MR. KUTNICK:  How can I have -- I'm sorry, your
```

1  Honor, I didn't mean to pose a hypothetical like that.  But I
2  can't have an accountant spend hours doing something unless
3  they know how they're going to get paid.
4        THE COURT:  Well, I can't okay something without
5  having a proposal.  So I don't know how you work that out.
6  That's just -- I think, it's either the actual -- I think
7  it's a federal law, or it's a rule.  I know that I have to
8  okay it.  And, technically, I think that an expert might even
9  technically supposed to be approved by someone in the Seventh
10  Circuit.  I don't think we need to do that, but I can't -- I
11  can't give you carte blanche.
12        MR. KUTNICK: I'm not asking for that, your Honor.
13        THE COURT:  Okay.  Well, then, get it to me.  And
14  my concern is, it was not an unreasonable trial date.  So I
15  would be really reluctant to change it.  But let's see what
16  happens.
17        MR. KUTNICK: Your Honor, also, just in addition to
18  what I've mentioned, you know, Mr. Meza has a state case
19  pending as well, in which I represent him on that.  That case
20  also has a trial date.  And so there have been -- Mr. Meza
21  and I have been very busy.  That's what I would say.
22        THE COURT:  Okay.  In the state case, my notes say
23  of which you did not have a trial date.
24        MR. KUTNICK: We now have a trial date.  It is after
25  our trial date here.

1     THE COURT: Is it related to this?
2     MR. KUTNICK: The -- well, the government did tender
3  me information related to the state case in their discovery,
4  but I think that that was their effort of being very
5  complete.
6     THE COURT: What is he charged with in the state
7  case?
8     MR. KUTNICK: Continuing financial crimes
9  enterprise.
10    MR. HAVEY: We did produce discovery related to
11 that, Judge, but we're not going to be putting on that
12 evidence during the trial. It's an unrelated fraud, alleged
13 fraud.
14    MR. KUTNICK: That is correct, your Honor. There
15 are different victims alleged in that case.
16    THE COURT: Okay. Well, I'm sure that somebody
17 will bring it to my attention if you file your -- you know,
18 the form asking for the appointment of a forensic accountant.
19 So they're going to have to give you -- you're going to have
20 to go to them with an estimate of what they're going to do or
21 they won't -- obviously can't do that. And so I would need
22 the proposed cost, and I need to know the proposed time.
23    MR. KUTNICK: I think that that's certainly
24 possible, your Honor.
25    THE COURT: Okay. If this is Thursday, I guess I

1  better give you until next Friday.
2          MR. KUTNICK: Thank you, Judge.
3          THE COURT: But you're going to put aside
4  everything else and take care of this. Okay.
5          MR. KUTNICK: So you want us to come back to court
6  on that day, or do you want me to just file something?
7          THE COURT: No, just file it. We'll make sure we
8  get it.
9          MR. KUTNICK: Sure.
10         THE COURT: Okay. The other dates I set, at least
11 for now, stand.
12         MR. HAVEY: And may we exclude time, Judge, through
13 the pretrial conference?
14         THE COURT: If I haven't, which I hope that I have,
15 I hope I've excluded time up through trial. But, if not, I
16 will.
17         MR. HAVEY: Thank you.
18         MR. KUTNICK: No objection.
19         THE COURT: Okay. Thank you.
20         MR. KUTNICK: Thank you, Judge.
21     (Which were all the proceedings heard.)
22
23
24
25

1  CERTIFICATE

2      I certify that the foregoing is a correct transcript

3  from the record of proceedings in the above-entitled matter.

4

5  /s/ *SANDRA M. MULLIN*          April 6, 2018

6  SANDRA M. MULLIN, CSR, RMR, FCRR
   Official Court Reporter